UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
:           Chapter 13
    RICHARD PHILIP KAUFMAN,        :
:
        Debtor(s)        :           Bky. No. 08-11087ELF

# M E M O R A N D U M

## I.

On February 14, 2008, Debtor Richard Phillip Kaufman ("the Debtor") acting pro se, filed a bankruptcy petition under chapter 13 of the Bankruptcy Code. By Order dated March 5, 2008, this court dismissed the bankruptcy case. The Debtor has filed a Motion for Reconsideration of the Dismissal of the Case ("the Motion").

Because the Debtor misunderstands the reason why the case was dismissed and has presented no valid basis for reconsideration of the Dismissal Order, the Motion will be denied.

## II.

The flaw in the Debtor's bankruptcy filing stems from the requirement found in 11 U.S.C. §109(h) that, in order to be eligible to be a bankruptcy debtor, an individual must obtain an individual or group briefing from an approved non-profit budget and credit counseling agency during the 180 period prior to the filing of the bankruptcy petition. Section 109(h)(3) further provides that a Debtor may be exempted temporarily from the "credit counseling" requirement and fulfill that requirement 30 days a bankruptcy petition has been filed, but only if certain

requirements are met. In order to be permitted to fulfill the credit counseling requirement <u>after</u> filing a bankruptcy petition, the debtor must submit a certification known as a "Certification of Exigent Circumstances" that:

> (1) describes "exigent circumstances" that merit a temporary waiver of the credit counseling requirement;
>
> (2) states that the Debtor requested credit counseling from an approved agency but was unable to obtain the services during the five (5) day period beginning on the date the request was made; and
>
> (3) is satisfactory to the Court.

In this case, on February 14, 2008, when the Debtor filed his bankruptcy petition, he also filed a statement titled "Exigent Circumstances." In that statement, the Debtor represented that he was facing a sheriff's sale in the "Delaware County Courthouse" scheduled for February 15, 2008. The statement was silent on the question whether the Debtor attempted unsuccessfully to obtain credit counseling before filing the petition.

By Order dated February 20, 2008, the court notified the Debtor that it could not determine from his Certification of Exigent Circumstances whether all of the requirements of 11 U.S.C. §109(h)(3) had been satisfied. Specifically, the court ordered the Debtor to file a Supplement to the Certification of Exigent Circumstances providing further details concerning the date(s), if any, on which the Debtor tried to obtain credit counseling and what happened when the Debtor attempted to obtain credit counseling. The February 20, 2008 Order set a deadline of February 29, 2008 for the filing of the Supplement to the Certification of Exigent Circumstances.

The Debtor did not file a Supplement to the Certification of Exigent Circumstances by February 29, 2008. On March 3, 2008, the Debtor filed a Certificate of Credit Counseling, which

stated that the Debtor participated in an individual or group briefing with an approved agency on February 28, 2008, fourteen (14) days after the filing of the bankruptcy petition.

On March 5, 2008, the Court issued the Order dismissing the case. The case was dismissed because the Debtor filed the bankruptcy petition without receiving a prepetition credit briefing as required by 11 U.S.C. §109(h)(1) and did not file a Certification satisfying the requirements of 11 U.S.C.§109(h)(3). Although the Order was not explicit on this point, as should be obvious from the recitation set forth above, the Debtor never provided a Certification of Exigent Circumstances satisfying the requirements of 11 U.S.C. §109(h)(3)(A)(ii): i.e., that the Debtor attempted to obtain credit counseling services but was unable to do so prior to the filing of the bankruptcy case for a five (5) day period beginning on the date on which the Debtor made the request for credit counseling services.

### III.

In the Motion, the Debtor asks for reconsideration of the Dismissal Order on the following grounds:

> Insomuch as Debtor had filed the requested Certificate of Credit Counseling on March 3, 2008 as required by Judge Frank's Order of February 26, 2008, Debtor submits the Motion for Reconsideration to reverse Judge Frank's Order of March 5, 2008 in which Debtor's bankruptcy case was dismissed based on Judge Frank's inaccurate belief that Debtor had failed to filed the required certificate of credit counseling.

Debtor's Motion ¶8.

The Debtor's request for reconsideration is based on an erroneous premise. The Debtor appears to believe that obtaining credit counseling and filing a Certificate of Credit Counseling

3

after the commencement of the bankruptcy case cures the defect in filing the bankruptcy case without first obtaining counseling. It does not. Under the statute, the Debtor is eligible to be a bankruptcy debtor based upon his receipt of post-bankruptcy credit counseling services only if he submits a satisfactory Certificate of Exigent Circumstances. A Certificate of Exigent Circumstances has a least two (2) components: (1) that there be some emergency compelling the filing of the bankruptcy case before credit counseling has been obtained; and (2) that the Debtor made an attempt to obtain credit counseling prior to the filing of the bankruptcy case and was unable to obtain the counseling within five (5) days.

    The Certification filed by the Debtor may have satisfied the first requirement, but not the second. The Debtor has made no representation that he attempted to obtain credit counseling services prior to the filing of the bankruptcy case. Therefore, under 11 U.S.C. §109(h), he is not entitled to a deferral of his obligation to obtain credit counseling to a date thirty (30) days after the filing of the bankruptcy petition. Because he is not entitled to the deferral of the obligation and did not obtain prepetition credit counseling, he is not eligible to be a bankruptcy debtor (even though he obtained credit counseling services after he filed the bankruptcy case). His lack of eligibility provides cause for dismissal of the case. See 11 U.S.C. §1307(c).

    For these reasons, the Motion does not persuade the court that the Dismissal Order of March 5, 2008 was erroneous and the Motion will be denied.

**Date: March 14, 2008**

                                                **ERIC L. FRANK**
                                                **U.S. BANKRUPTCY JUDGE**

5

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| RICHARD PHILIP KAUFMAN, | : | |
| Debtor(s) | : | Bky. No. 08-11087ELF |

# **O R D E R**

**AND NOW**, upon consideration of the Debtor's Motion for Reconsideration of Dismissal of Bankruptcy Case ("the Motion"), and for the reasons stated in the accompanying Memorandum, It is hereby **ORDERED** that the Motion is **DENIED**.

**Date: March 14, 2008**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

cc:   Richard Philip Kaufman
      311 Ivy Lane
      Glen Mills, PA 19342